AO 91 (Rev. 5/85) Criminal Complaint    AUSA SCOTT H. BEHNKE DEA S/A JONATHAN SCHLEFFER

# United States District Court

SOUTHERN          DISTRICT OF          FLORIDA

UNITED STATES OF AMERICA

V.

HAMLET VARGAS,
KATTY ALTAGRACIA SALVADOR, and
LIDIA ESTER RAMOS

## CRIMINAL COMPLAINT

CASE NUMBER: 00-4208-SNOW

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 24, 2000, in Broward county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

attempt to possess with intent to distribute cocaine and possession with intent to distribute cocaine;

in violation of Title 21 United States Code, Section(s) 846 and 841(a)(1)

I further state that I am a(n) DEA Special Agent and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x] Yes  [ ] No

Signature of Complainant
JONATHAN SCHLEFFER, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

8/25/00                               at Fort Lauderdale, Florida
Date                                      City and State

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer

## **AFFIDAVIT**

I, Jonathan Schleffer, being duly sworn, depose and state the following:

1.  I am a Special Agent(SA) with the Drug Enforcement Administration(DEA). I have been employed by the DEA for approximately four and a half years. During that time, I have received extensive training and experience in the investigation of controlled substance offenses and have participated in numerous investigations. Prior to my appointment with DEA, I was a State of Massachusetts Police Officer for approximately eight years.

2.  The following information is based on my personal knowledge, discussions with fellow agents and debriefings of confidential sources(CS). The CS has provided information in the past to law enforcement officers which has proven reliable and truthful. Where the statements of others are related herein, they are related in substance and in part and not verbatim. This Affidavit is being prepared for the purpose of establishing probable cause to secure a complaint for drug trafficking violations by subject Hamlet VARGAS(VARGAS), Lidia Ester RAMOS(RAMOS), and Katty Altagracia SALVADOR(SALVADOR).

3.  On or about August 23, 2000, Confidential Source 1(CS1) completed several undercover recorded telephone calls with VARGAS. VARGAS indicted in the telephone calls that VARGAS, along with associates known and unknown, wanted CS1 to transport and sell an undetermined amount of cocaine. VARGAS told CS1 that VARGAS wanted to meet with the CS on the following day.

4.  On or about August 24, 2000, CS1 and Confidential Source 2(CS2) had an undercover meeting with VARGAS in the parking lot of the Pembroke Lakes Mall, Pembroke Pines, Florida. This meeting was both audio and video recorded. During the meeting VARGAS

1

told the CS's to follow VARGAS to an unknown location for the CS's to leave the CS vehicle in which VARGAS could load cocaine into the CS vehicle. The CS's followed VARGAS to a parking lot in the area of Johnson Street and 63rd Avenue, Hollywood, Florida. At the location the CS's got into VARGAS's vehicle and left the area with VARGAS with the CS vehicle left in the said parking lot. VARGAS then drove the CS's back to the Pembroke Lakes Mall and VARGAS told the CS's that VARGAS would call the CS's when the vehicle was loaded with cocaine and VARGAS would arrange to have the vehicle returned.

5.  Later on the same date, agents observed VARGAS arrive back in the parking lot of the CS vehicle. Agents observed in another vehicle at the same time a unidentified male and RAMOS. RAMOS exited her vehicle and entered the CS vehicle using a key. RAMOS then drove the CS vehicle to a residence at 3361 32nd Blvd. Hollywood, Florida. RAMOS parked the CS vehicle and entered the residence. Agents then observed the unidentified male who dropped off RAMOS at the CS vehicle also arrive and enter the residence. The unidentified male was then observed exiting the residence and place a large bag in the trunk of the CS vehicle. The unidentified male then departed the area. RAMOS then exited the residence and entered the CS vehicle. RAMOS drove the CS vehicle back to a parking lot on Johnson Street and 63rd Ave, Hollywood, Florida. RAMOS exited the vehicle and stood by business watching the vehicle. VARGAS then arrived in his vehicle accompanied by the CS's at the same location. VARGAS and CS's exited VARGAS's vehicle. VARGAS met with RAMOS at which time RAMOS handed VARGAS a set of keys. VARGAS then handed the keys to CS1. CS1 and CS2 then entered the CS vehicle and departed the area. RAMOS got into the vehicle with VARGAS and also departed the area. A traffic stop was effected on VARGAS's vehicle at which time both

2

VARGAS and RAMOS were placed under arrest.

6. Agents inspected the bag that was placed in the CS vehicle and found ten(10) kilograms of cocaine concealed in a large dog food bag. Agents then returned to the residence at 3361 32nd Blvd. Hollywood that was under constant surveillance. Agents identified the owner of the residence SALVADOR. SALVADOR gave verbal and written consent to search of the residence. A Hallandale Beach Police K-9, which has been properly trained and has extensive experience in narcotics seizures, and has been determined to be reliable, conducted a search of the residence. The K-9 made a positive indication for the presence of narcotics in the master bedroom closet.

7. A search of the closet revealed a false wall that behind the false wall contained two blue plastic containers. Inside the containers contained a total of forty (40) kilograms of cocaine. SALAVDOR stated after being read her Miranda warnings that the bedroom was hers. SALVADOR was then placed under arrest. No other narcotics or contraband was located in the residence.

8.  Based on the foregoing, there is probable cause to believe that VARGAS, RAMOS and SALVADOR conspired to possess cocaine with intent to distribute, in violation of Title 21, USC, Section 846 and RAMOS and SALVADOR did possess cocaine with intent to distribute, in violation of Title 21, USC, Section 841.

FURTHER YOUR AFFIANT SAYEYTH NOT.

Jonathan Schleffer
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
this 25th day of August, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

4