UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6258-Cr-FERGUSON/SNOW

UNITED STATES OF AMERICA )
)
        Plaintiff, )
)
v. )  **GOVERNMENT'S RESPONSE TO THE**
)  **STANDING DISCOVERY ORDER**
)
HAMLET R. VARGAS, )
)
        Defendant. )
_____)

    The United States files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

    A.  1.  Five (5) audio recordings of consensually monitored undercover conversations with the conspirators were made during the course of the investigation. Copies of these tapes are currently being duplicated and will be furnished to the defense upon receipt by the undersigned. Transcripts of the recorded conversations are also being prepared and will be furnished to counsel upon their completion and prior to trial.

        2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached and bate stamp numbered 001 through 002.

        3.  No defendant testified before the Grand Jury.

        4.  The FCIC and NCIC criminal record of the defendant is attached and bate stamp numbered 007 through 009.



5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Boulevard, Suite 700 Fort Lauderdale, Fl. 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response which are bate stamp numbered 0021 through 0051 are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples have been set aside to be used as evidence at trial.

L. The vehicle used by the defendants to transport the cocaine in this case was leased and, after the arrest of the defendants, was returned to the rental company. The government in not currently in possession of any automobile, vessel, or aircraft allegedly used in the commission of this offense.

M. The government has submitted several exhibits for latent fingerprints or palm prints which may be found on the exhibits. Upon conclusion of the analysis, the government will submit a copy of the report.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Date: August 23 & 24, 2000
> Place: Broward County, Florida

The attachments to this response are numbered pages 001 through 002, 007 through 009, and 0021 through 0051. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY NUMBER A5500005
500 EAST BROWARD BLVD. SUITE 700
FT. LAUDERDALE, FL.33394
Tel: (954) 356-7255 ext. 3518
Fax: (954) 356-7228
E-mail:afls101.po.sbehnke@usdoj.gov

cc: Special Agent Shaun Perry (DEA-HIDTA).

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed on by the United States Postal Service on this the 26th day of September, 2000.

**Joaquin Perez, Esq.**
6780 Coral Way
Miami, Fl. 33155

SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY