UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6258-CR-HUCK

NIGHT BOX
FILED

MAR 0 8 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAMLET VARGAS,

    Defendant,

and

KEVINS BAIL BONDS,

    Corporate Surety,

and

FREDDY ORTIZ
ROBINSON VARGAS
FRAN VARGAS,

    Personal Sureties.

_____/

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves this Court to revoke and estreat the appearance bonds and enter a Final Judgment of Forfeiture of Appearance Bonds in favor of plaintiff and against defendant HAMLET VARGAS and Kevins Bail Bonds, corporate surety, in the amount of $25,000, and against defendant Hamlet Vargas and personal surety, Freddy Ortiz, Robinson Vargas, and Fran



Fran Vargas, in the amount of $150,000. Plaintiff will rely in support hereof upon the annexed Memorandum of Law.

## MEMORANDUM OF LAW

## REQUEST FOR ESTREATURE

1. On September 15, 2000, defendant HAMLET VARGAS and Kevin's Bail Bonds, executed a corporate surety appearance bond on behalf of the defendant in the sum of $60,000 to guarantee the defendant's appearance as ordered by the Court.

2. On March 12, 2001, said corporate surety appearance bond was reduced to $25,000.

3. On September 15, 2000, defendant HAMLET VARGAS and Freddy Ortiz, Robinson Vargas, and Fran Vargas, executed a personal surety appearance bond on behalf of the defendant in the sum of $150,000 to guarantee the defendant's appearance as ordered by the Court.

4. The defendant HAMLET VARGAS has not honored the terms of the appearance bonds in that HAMLET VARGAS failed to appear for sentencing as order by the court.

5. An arrest warrant was issued and the defendant HAMLET VARGAS remains a fugitive, but it does not formally appear from the record that an order revoking and estreating the appearance bonds was entered.

6. The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district Court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of Paragraph (e). United States v. Stanley, 601 F.2d 380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear

or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez, 564 F.2d 379, 381 (10th Cir. 1977).

6. Plaintiff therefore moves the Court to revoke and estreat the appearance bonds as to the defendant and sureties.

### REQUEST FOR BOND FORFEITURE JUDGMENT

7. The provisions of Fed. R. Crim. P. 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

8. Upon the failure of any defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeit to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

9. It is clear that upon failure of a bailed defendant to appear as required the surety becomes absolutely obligated to the United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach. United States v. Foster, 417 F.2d 1254, 1256 (7th Cir. 1969); United States v. Caro, 56 F.R.D. 16, 20 (S.D. FL 1972); Wright, Federal Practice and Procedure: Criminal 2d § 776.

**WHEREFORE**, the United States of America moves this Court to enter a Final Judgment of Forfeiture of Appearance Bonds as to the aforesaid defendant and sureties in the sums of $25,000 as to the corporate surety and $150,000 as to the personal surety, together with interest as prescribed by 28 U.S.C. § 1961, and the costs of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
DONALD CHASE
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. FL A5500077
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
Telephone (954) 356-7255
Fax No. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 4th day of March, 2004, to:

Hamlet Vargas, 405 Lakeview Drive, Weston, Florida 33326
Freddy Ortiz, 1835 N.W. 1128, Miami, Florida
Robinson Vargas, 2410 W. 76 Street, Hialeah, Florida
Cynthia Gaynor, Agent for Kevins Bail Bonds, 540 S.E. 6th Street, Ft. Lauderdale, Florida 33301

_____
DONALD CHASE
ASSISTANT UNITED STATES ATTORNEY